IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GRIFFITH DEVELOPMENT COMPANY,<br><br>Debtor. | Chapter 7<br><br>Bank. No. 10-11295 (CSS) |
| ARMANDO MIRARCHI PONS, BEST ALTERNATIVE IN PLAN, and BEGINNING BDC,<br><br>Appellants,<br><br>v.<br><br>GRIFFITH DEVELOPMENT COMPANY, JAY GRIFFITH, LYENA L. GRIFFITH, SAVANNAH POINT, and E*TRADE FINANCIAL,<br><br>Appellees. | Civ. No. 11-359-SLR |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of August, 2011, having reviewed the papers submitted in connection with the above captioned appeal;

IT IS ORDERED that the appeal is denied and the March 16, 2011 decision of the bankruptcy court is affirmed, for the reasons that follow:

1. **Standard of Review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint*

*Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. *See In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background.** Jay Griffith and Lyena L. Griffith ("the Griffiths") are husband and wife and reside in California. (D.I. 19 at 2-3) The evidence of record indicates that the Griffiths have no known interest in or connection to Griffith Development Company, a Delaware entity incorporated in 1979. (*Id.*, Ex. A)

3. Savannah Point is a Delaware limited liability company that was incorporated on September 27, 2004. (D.I. 22 at 1) Savannah Point is the record owner of five townhouses in Lewes, Delaware, including real estate located at 34011 Wescoats Road, #4, Lewes, Delaware ("the Property"). (*Id.*) The Griffiths are principals of Savannah Point. (*Id.*)

4. On February 23, 2005, Savannah Point entered into a loan transaction and executed a note with Mercantile Peninsula Bank, PNC Bank's predecessor, to construct

eight townhomes in Lewes, Delaware. (D.I. 22 at 2-3) The Griffiths are guarantors of the note held by PNC Bank. (*Id.* at 3) As of February 11, 2011, Savannah Point owed a total of $2,564,740.23 on the note, with a principal balance of $2,215,000. (*Id.*) The last payment on the note was received on September 1, 2008. (*Id.*) Several of the townhomes were sold and are no longer PNC Bank's collateral under the note. (*Id.*)

5. On November 13, 2006, the Griffiths executed an indenture of mortgage to National City Mortgage, creating a lien on the Property. (D.I. 18, Ex. G) The mortgage was subsequently assigned to E*Trade. (*Id.*, Ex. I)

6. On December 30, 2008, Jay Griffith leased the Property to the Beginning Business Development Corporation ("Beginning BDC"). (D.I. 19, Ex. B)

7. E*Trade bought the Property at a sheriff's sale which took place on February 16, 2010. (D.I. 18 at 4-5) Following the sheriff's sale, appellants Armando Mirarchi Pons, Best Alternative In Plan, and Beginning BDC (collectively, "appellants") filed an **involuntary** Chapter 7 bankruptcy petition against appellees Griffith Development Company, Savannah Point, Jay Griffith, Lyena L. Griffith and E*Trade (collectively, "appellees") in the United States Bankruptcy Court for the District of New Jersey. (*Id.*, Ex. J) Confirmation of the sheriff's sale was stayed by the filing of the involuntary petition. The involuntary bankruptcy proceeding was ordered transferred to the District of Delaware on April 13, 2010. (*Id.*, Ex. B)

8. On June 15, 2010, the Griffiths filed a **voluntary** Chapter 7 petition for bankruptcy in the Central District of California ("the California proceeding"). In response to the commencement of the California proceeding, the Delaware bankruptcy court

3

stayed the involuntary proceeding pending further order on March 16, 2011. PNC Bank, as a creditor of the Griffiths, filed a motion for relief from stay in the California proceeding to allow it to foreclose on the Property. PNC Bank's motion for relief from stay filed in the California proceeding was granted on May 23, 2011.

9. On July 27, 2010, appellants filed a request for entry of default in the involuntary bankruptcy proceeding on the basis that appellees failed to file an answer or other response within the time limit set by Fed. R. Bankr. P. 7012(a). (D.I. 18, Ex. D) By way of their motion, appellants requested $517,902.00 for overpayment of rent, off-setting business revenue and unjust enrichment. (*Id.*) Default in appearance was entered against appellees pursuant to Fed. R. Bankr. P. 7055 on February 8, 2011. (*Id.*, Ex. E) On March 16, 2011, the bankruptcy court denied the entry of default judgment. (*Id.*, Ex. F) Appellants subsequently appealed the bankruptcy court's order.

10. On June 17, 2011, Jay and Lyena Griffith filed a motion to dismiss for lack of prosecution in the instant appeal, contending that appellants failed to file their brief in support of the appeal by the deadline set forth in the court's order setting the briefing schedule. (D.I. 10) On the same day, appellants filed an emergency motion to stay pending appeal in the instant action, requesting that the court stay all proceedings, including ongoing foreclosure actions. (D.I. 13) On June 22, 2011, the Delaware bankruptcy court held a hearing regarding E*Trade's emergency motion for relief from stay and granted the requested relief, terminating the stay effective as of the February 16, 2010 sheriff's sale to permit E*Trade to enforce its security interest in the Property through final confirmation of the sheriff's sale. (D.I. 18, Ex. N) The sheriff's deed was recorded on June 28, 2011. (*Id.*, Ex. O)

4

11. **Analysis.** This court has jurisdiction to hear appeals "from final judgments, orders, and decrees" or "with leave of court, from other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a)(1), (a)(3). An order denying a motion for default judgment is an interlocutory order. See *Williamson v. Corr. Med. Servs., Inc.*, 304 Fed. Appx. 36, 37 (3d Cir. Dec. 23, 2008) ("We lack jurisdiction over the order denying [plaintiff's] motions for default . . . The orders appealed must end the litigation as to all claims and parties.") (citations omitted).

12. In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs whether an appeal of a district court's interlocutory order to a court of appeals is warranted. See *In re SemCrude, L.P.*, 407 B.R. 553, 556-57 (D. Del. 2009); *In re Magic Rests., Inc.*, 202 B.R. 24, 25 (D. Del. 1996). The party seeking leave to appeal an interlocutory order must establish that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), aff'd, 884 F.2d 1383 (3d Cir. 1989). Piecemeal litigation is generally disfavored by the Third Circuit. See *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988).

13. Moreover, under § 1292(b), an interlocutory appeal will be granted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. See *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Leave to file an interlocutory

5

appeal, however, may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue. *Id.*; *see also SemCrude*, 407 B.R. at 557.

14. Appellants have failed to file a motion for leave to appeal the interlocutory order as required by Federal Rule of Bankruptcy Procedure 8001(b). After considering the notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8003, the court is not persuaded that appellants have established the three criteria necessary to justify an interlocutory appeal. In particular, the court concludes that there are no substantial grounds for a difference of opinion as to the correctness of the bankruptcy court's order. Counsel for the Griffiths appeared and opposed appellants' motion for entry of default judgment, and no evidence indicates that appellants' claim was a liquidated and undisputed claim against any of the appellees. Moreover, the court concludes that the bankruptcy court did not err in staying the Delaware proceeding upon the filing of the voluntary California proceeding because the automatic stay arising from the California proceeding would potentially void any actions taken in the Delaware action. *See In re Myers*, 491 F.3d 120, 127 (3d Cir. 2007).

15. Having denied leave to appeal the bankruptcy court's March 16, 2011 order, the court shall deny appellants' emergency motion to stay pending appeal (D.I. 13) and the Griffiths' motion to dismiss for lack of prosecution (D.I. 10) as moot.

16. **Conclusion.** For the reasons explained, the bankruptcy court's decision is affirmed, and the appeal therefrom is denied.

United States District Court